UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHIRLEY SLOCUM, ET AL. | CIVIL ACTION |
| VERSUS | NO. 16-12563 |
| INTERNATIONAL PAPER COMPANY, ET AL. | |
| DERRICK SANDERS, ET AL. | NO. 16-12567 |
| VERSUS | |
| INTERNATIONAL PAPER COMPANY, ET AL. | |
| BRENT JARRELL, ET AL. | NO. 16-13793 |
| VERSUS | |
| INTERNATIONAL PAPER COMPANY, ET AL. | SECTION "L" (1) |

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion for Summary Judgment.[1] R. Doc. 359. Defendant International Paper Company ("IP") opposes the motion, R. Doc. 371, and Plaintiffs replied, R. Doc. 386. Having considered the parties' arguments and the relevant law, the Court now rules as follows.

### I. BACKGROUND

This set of cases arises out of damages allegedly sustained by Plaintiffs due to the discharge of "black liquor" at the Bogalusa Paper Mill on June 10, 2015. R. Doc. 1-2 at 1. Plaintiffs assert claims against Defendant, International Paper Company ("IP"), owner and operator of the Mill.

---

[1] Identical motions were filed in the three above-captioned consolidated cases. This Order refers to the record document numbers in 16-12563 for simplicity.

1

Plaintiffs' theories of liability sound in negligence, strict liability, and nuisance. R. Doc. 1-2 at 21.

IP manufactures containerboard liner at the Mill, and black liquor is a byproduct of the paper making process.[2] Black liquor is typically recycled in evaporator tanks for repeated use in the pulping process. On June 10, 2015, the sight glass on the dome of the 3rd Effect at the Bogalusa Paper Mill failed, which resulted in an offsite release of steam and black liquor. R. Doc. 1-2 at 14. Approximately 773 gallons of black liquor were released during the span of 38 minutes.[3] Some of the black liquor was dispersed beyond Mill property and came into contact with people and property.[4] Plaintiffs contend that the dispersal of black liquor caused personal injury, property damage and/or emotional distress, and argue Defendants are liable for Plaintiffs' damages. *Id.* at 16.

## II.  PRESENT MOTIONS

Plaintiffs have filed a motion seeking summary judgment as to their claims under Louisiana Civil Code Articles 667, 2315, 2317, and 2317.1. R. Doc. 359. Plaintiffs contend that the uncontroverted testimony of their experts, Michael D. Klein, P.E., CHMM, C.F.E.I. and Dr. Thomas C. Shelton, Ph.D., P.E., as well as the consulting report of IP contractor Ivan Rogers, regarding the preventative measures IP should have taken regarding the sight glass, proves the essential elements of their claims. *Id.* at 6. Plaintiffs further argue that Defendant's lack of expert testimony is dispositive because issues related to mechanics and industry customs require expert testimony. *Id.* at 7-8.

In response, Defendant argues that Plaintiffs cannot meet their particularly heavy burden on summary judgment here as both the moving party and the party who bears the burden of proof

---

[2] R. Doc. 434, Uncontested Issues of Fact, ¶ 3.
[3] *Id.* ¶ 16-17.
[4] *Id.* ¶ 23.

at trial. R. Doc. 371. Defendant maintains that Plaintiffs' expert opinion testimony "does not demonstrate there are no material facts in dispute," but rather, constitutes evidence that Plaintiffs can put before the trier of fact at the appropriate time.

## III. LAW & ANALYSIS

### a. Summary Judgment Standard

Summary judgment is appropriate if the moving party can show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *see also Klocke v. Watson*, No. 20-10103, 2021 WL 2351157, at *4 (5th Cir. June 8, 2021). "[I]f the movant bears the burden of proof on an issue…he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Put differently, to obtain summary judgment, a plaintiff who bears the burden of proof "must establish thereby the existence or nonexistence of enough of the essential elements of a claim and its related defenses to permit disposition of the claim as a matter of law." *Id.*

The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04–cv– 1866–D, 2007 WL 2403656, at *10 (N.D. Tex. Aug.23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g., Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. Nations Credit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

b. **Discussion**

Here, the thrust of Plaintiffs' argument is that that they are entitled to summary judgment on their claims pursuant to Louisiana Civil Code Articles 667, 2315, and 2317; 2371.1 because IP has not designated any expert to refute Plaintiffs' allegations of negligence.[5] R. Doc. 359-1. The Court finds this argument unpersuasive because Plaintiffs are both the movants and the party that bears burden of proof at trial. Put differently, summary judgment as to Plaintiff's negligence claims is not warranted simply because Plaintiffs have offered expert opinion testimony in support of IP's liability and IP has not.

The Fifth Circuit has made clear that "the trier of fact is not bound by expert testimony." *First Am. Bank v. First Am. Transp. Title Ins. Co.*, 759 F.3d 427, 434 (5th Cir. 2014) (quoting *Webster v. Offshore Food Serv., Inc.*, 434 F.2d 1191, 1193 (5th Cir.1970). "While the court is not at liberty to disregard arbitrarily the unequivocal, uncontradicted and unimpeached testimony of an expert witness, it may weigh the credibility of the witness and substitute its own common-sense judgment for that of the experts. *Id.* (citing *Webster*, 434 F.2d at 1193). The factfinder at trial will evaluate the credibility of Plaintiffs' witnesses, the weight of Plaintiffs' evidence, and the merits of IP's arguments, and decide whether Plaintiffs have carried their burden of proof and of persuasion.

Moreover, because of the peculiarly elusive nature of the term "negligence," "[t]he use of

---

[5] The Court has repeatedly explained that Plaintiffs' various statutory claims all require a showing of negligence. Article 2315 of the Louisiana Civil Code establishes a general cause of action for negligence: "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." La. C.C. art. 2315 In determining whether to impose liability under Article 2315, Louisiana courts employ a duty-risk analysis. *Audler v. CBC Innovis Inc.*, 519 F.3d 239, 249 (5th Cir. 2008). Similarly, Louisiana Civil Code Articles 667-669 are the source of nuisance actions in Louisiana, and after the 1996 amendments, require a showing of negligence for a claim of damages. *Alford v. Anadarko E&P Onshore LLC*, No. CIV.A. 13-5457, 2015 WL 471596, at *9 (E.D. La. Feb. 4, 2015).[5] Lastly, Article 2317 of the Civil Code imposes liability only if the owner or custodian knew or should have known of the defect and failed to use reasonable care to prevent the damage. La. C.C. arts. 2317; 2317.1; *see also Cormier v. Dolgencorp, Inc.*, 136 F. App'x 627, 627–28 (5th Cir. 2005).

summary judgment is rarely appropriate in negligence ... cases, even where the material facts are not disputed." *Perry v. Zurich Am. Ins. Co.*, No. CV 18-4185, 2019 WL 4257256, at *3 (E.D. La. Sept. 9, 2019). Courts generally agree that claims that require the factfinder to determine the reasonableness of the acts and conduct of the parties under all the facts and circumstances of the case cannot ordinarily be disposed of by summary judgment. *Moore v. Louisiana Dep't of Pub. Safety & Corr.*, No. CIV.A. 99-1108, 2002 WL 1791996, at *2 (E.D. La. Aug. 5, 2002) (citations omitted).

Lastly, while some key facts surrounding the incident are undisputed, genuine issues of material fact remain unresolved, including whether IP knew or should have known that a break in the sight glass on the dome of the 3rd Effect of the Evaporator was imminent and whether IP knew or should have known that a break in the sight glass on the dome of the 3rd Effect of the Evaporator would result in an offsite release of the material contained in the Effect.[6]

In view of these factual issues, Plaintiffs have not met their burden to establish "beyond peradventure" all elements of their claims. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). IP faces a significant hurdle at trial based on the undisputed historical facts before the Court, but factual issues remain to be resolved by the factfinder with assistance from experts. Summary judgment on Plaintiffs' negligence claims under La. C.C. arts. 667, 2315, 2317, and 2317.1, therefore, is inappropriate at this time.

### IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion for summary judgment, R. Doc. 359, is hereby **DENIED.**

New Orleans, Louisiana, this 10th day of September, 2021.

---

[6] *Id.* ¶¶ 5-6.

_____
UNITED STATES DISTRICT JUDGE